IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

HILDA STOGNER                                                                                           PLAINTIFF

V.                                                                        CAUSE NO. 3:10-CV-00146-CWR-LRA

BELK DEPARTMENT STORES, LP;
BELK, INC.; DOGWOOD FESTIVAL, LLC; AND                                          DEFENDANTS
JOHN DOES 1-20

ORDER DENYING DEFENDANTS' MOTION IN LIMINE

The above-styled cause is before the Court on the Defendants' Motion *in Limine* to Limit Testimony of Plaintiff's Expert Lamar T. Hawkins [Docket No. 40]. The Court has considered the parties' briefs on the question and finds that the motion should be denied.

Rule 704 of the Federal Rules of Evidence relaxed the common law rule against testimony regarding ultimate issues. The Rule commands that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a).

On November 22, 2010, Stogner designated three experts, one of whom is Lamar Hawkins, a civil engineer and lawyer from Birmingham, Alabama. Plaintiff's Designation of Experts [Docket No. 29] at 3. According to Hawkins' Expert Report, he plans to offer testimony in the following areas:

> (B) Whether the exit of shopping and ingress/egress of the Dogwood Festival Market Parking Lot was a condition created through Dogwood Festival's *negligence* in maintaining and/or installing the Parking Lot.
> (C) Whether or not *reasonable* notice was afforded to Ms. Stogner by the defendants regarding the dangerous condition that existed on the parking Lot while exiting shopping building to parking lot.
> . . .
> (F) Whether Defendant, Dogwood Festival, failed to provide *adequate warnings and instructions* regarding the condition of the parking lot.

1

> (G) Whether an *unsafe condition existed* on the Dogwood Festival Parking Lot.
> (H) Whether the Defendant *should have placed safety warnings, markings, and instructions* to warn customers of the Parking Lot dangerous condition.
> . . .
> Further, I offer testimony which I have acquired as a result of the subject occurrence touching upon any failure of the Defendants *to reasonable* [*sic*] *act*, which would have in my opinion constituted *failure to exercised reasonable care* and follow sound safety and engineering principles, *which was the sole cause or a contributing cause* to Hilda Stogner's fall and injuries.

Exhibit E to Plaintiff's Designation of Experts [Docket No. 29-5] at 1 (emphasis added in defendant's motion).

The defense contends that these areas represent evidence still not permitted, even under Rule 704's broad construction. According to the defense, Rule 704 "abolishes the *per se* rule against testimony regarding ultimate issues *of fact*." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239 (5th Cir. 1983) (emphasis added). "[H]owever, [it] does not open the door to all opinions. . . . [Q]uestions which would merely allow the witness to tell the jury what result to reach are not permitted. Nor is the rule intended to allow a witness to give *legal* conclusions." *Id.* at 240.

The Fifth Circuit's observation in *Owen* is firmly supported by the Advisory Committee's note to Rule 704: "The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. . . . [Other] provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . ."

The Note goes on to provide an example illustrative to the circumstances raised in the case at bar. "[T]he question, 'Did T have capacity to make a will?' would be excluded, while the question 'Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?' would be allowed." Fed. R. Evid. 704, note.

Hawkins' conclusions obviously pass beyond the bounds of proper Rule 704 evidence. Perhaps in recognition of the overreach, Stogner responds [Docket No. 45] that an adjustment in semantics can bring Hawkins' testimony under the coverage of Rule 704's permissions. Hawkins concedes that "an expert witness may not merely tell the jury what a defendant's duty was, how they breached it, and how the damages resulted from that breach. However, . . . counsel may clean up otherwise inadmissible expert testimony by merely asking a different question." *Hobbs v. Legg Mason Inv. Counsel & Trust Co.*, 2011 WL 304421, *5 (N.D. Miss. 2011) (Aycock, J.) (citing *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997), and *Owen*, 698 F.2d at 240). Stogner argues that "[w]hile some of the opinions listed by the Defendants may border on being legal conclusions, this can be corrected by the phrasing of the questions at trial." Plaintiff's Response [Docket No. 45] at 2.

The defense rejects this offer and "requests all six areas of testimony be excluded from this matter." Defendant's Reply [Docket No. 46] at 4. In the view of the defense, any other outcome would amount to permitting an untimely supplementation of the plaintiff's expert designation.

But this was not Judge Aycock's view in *Hobbs*, when she clarified the boundaries of Rule 704 and reminded the parties that she would consider objections on a question-by-question basis at trial. *Hobbs*, 2011 WL 304421 at *5. Moreover, under Local Rule 26(a)(3), "[c]hallenges to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived." In this case, Magistrate Judge Anderson's Case Management Order [Docket No. 13] set the discovery deadline at January 10, 2011, and the docket reflects no extension thereof. Even if Stogner's overreach left her expert-witness

3

disclosure otherwise inadequate, the Court still could exercise its discretion and not permit a challenge to that inadequacy because of the effort's untimeliness.

Therefore, to the extent that the defense seeks exclusion of expert witnesses' testimony regarding the subject areas identified in its motion, that request is denied, and Stogner's "counsel may clean up otherwise inadmissible expert testimony by merely asking a different question." *Hobbs*, 2011 WL 304421 at *5. At trial, the Court will require all testimony to adhere to the rigors of Rule 704, and any objections thereunder will be addressed on a question-by-question basis.

SO ORDERED this Twenty-Seventh day of April 2011.

    /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge