**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**HILDA STOGNER**                                                                 **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:10-CV-00146-CWR-LRA**

**DOGWOOD FESTIVAL, LLC;
AND JOHN DOES 1-20**                                                             **DEFENDANTS**

<u>**ORDER EXCLUDING EVIDENCE REGARDING APPORTIONMENT OF FAULT**</u>

The above-styled matter is before the Court on the Plaintiff's Motion *in Limine* to

Exclude Any Testimony or Evidence in Regard to Apportionment of Fault Issues [Docket No.

47]. The Court has considered both parties' briefs on the question and, after due research and

deliberation, concludes that the motion should be granted.

The Plaintiff, Hilda Stogner, argues that Defendant Dogwood Festival, LLC (hereinafter

"Dogwood") intends to argue apportionment at trial – specifically, that the parking lot's project

engineer, general contractor, and paving subcontractor bear at least some responsibility for

Stogner's injuries. Dogwood sued these parties in July 2006 and later settled the claims. *See*

Exhibit A to Motion *in Limine* (Complaint) [Docket No. 47-1]; Exhibit B to Motion *in Limine*

(Amended Complaint) [Docket No. 47-2]; Exhibit C to Motion *in Limine* (Agreed Order of

Dismissal) [Docket No. 47-3].

Section 85-5-7 of the Mississippi Code establishes that "in any civil action based on

fault, the liability for damages caused by two (2) or more persons shall be several only, . . . and a

joint tort-feasor shall be liable only for the amount of damages allocated to him in direct

proportion to his percentage of fault." Miss. Code Ann. § 85-5-7(2). This "is an affirmative

defense," and thereunder, "the defendant bears the burden of providing proof sufficient to

1

establish fault attributable to a third party." *Travelers Cas. & Sur. Co. of America v. Ernst & Young LLP*, 542 F.3d 475, 490 (5th Cir. 2008).

Stogner argues that, in order to avail itself of Section 85-5-7, Dogwood would have to be able to prove that third parties acted negligently toward Stogner. Stogner, moreover, avers that the third parties neither owed a duty nor proximately caused her injuries. Stogner relies on Mississippi state court precedent holding that a landowner cannot "delegate" its responsibility to maintain a safe premises "in such a manner as to be relieved of liability for a violation of its duty . . . ." *American Nat'l Ins. Co. v. Hogue*, 749 So. 2d 1254, 1258 (Miss. Ct. App. 2000) (Southwick, J.). In Stogner's view, the third parties could not have been found liable and therefore cannot be apportioned fault.

Dogwood responds by arguing that Stogner's contention "is based upon a false premise." Defendant's Memorandum in Opposition [Docket No. 51] at 2. Specifically, Dogwood argues that Stogner fails to recognize that "[f]ault and liability are not synonymous." Def. Memo at 2. As support for its position, Dogwood relies on the Mississippi Supreme Court's decision in *Mack Trucks, Inc. v. Tackett*, 841 So. 2d 1107 (Miss. 2003). In *Tackett*, the plaintiff sued several defendants under a theory of products liability for injuries sustained at the workplace when elements manufactured by the defendants led to a diesel explosion. The Mississippi Supreme Court held that although the plaintiff's employer was immune under the workers-compensation statute, fault still should be allocated appropriately to the employer, even though a recovery therefrom was impossible. The *Tackett* Court supported its conclusion by explaining that "[*f*]*ault* and *liability* are not synonyms. 'Fault' is defined by § 85-5-7 as 'an act or omission.' . . . There is nothing logically or legally inconsistent about allocating fault but shielding immune parties

from liability for that fault." *Tackett*, 841 So. 2d at 1114 (emphasis included).

Dogwood argues that, in the context of the case at bar, *Tackett* requires that the affirmative defense of apportionment be permitted, even if the third parties could not have been found liable for negligence.

But that position conflicts with the Fifth Circuit's decision in *Travelers Casualty and Surety Company of America v. Ernst & Young LLP*, 542 F.3d 475 (5th Cir. 2008). In that case, the Fifth Circuit broadcasted its *Erie* guess on the issue of whether, under Mississippi law, fault could be allocated to an entity that cannot be held liable for negligence and answered that question in the negative. The Court observed that "lower Mississippi courts . . . recogniz[e] that a party's act or omission will not justify allocation of fault unless the party could be found, at least, negligent." *Id.* at 493. "[I]nterpreting § 85-5-7 to allow a plaintiff's recovery to be reduced by 'fault' that does not amount to negligence would lead to a conflict with the longstanding statutory source of Mississippi's comparative negligence regime." *Id.* (citing Miss. Code Ann. § 11-7-15, which provides for reduction of recovery "in proportion to the amount of *negligence* attributable to the plaintiff"). The Fifth Circuit's *Erie* guess is buttressed by a number of decisions of the Mississippi Court of Appeals. *See id.* at 493 n.10. In fact, the *Travelers* Court could find "no Mississippi case allowing a plaintiff's recovery to be reduced by conduct that is less than negligent" and could not identify "any principled line that could be drawn to measure 'fault' that is less than negligent." *Id.*

Dogwood argues alternatively that Stoner *could* have brought suit against the third parties and recovered. In order to evaluate that position, the Court first must determine the nature of the duties owed to Stoner by the defendant and the entities whom, in Dogwood's view,

Stogner also should have sued. Stogner contends that she was an invitee of Dogwood, and Dogwood does not refute that suggestion. *See* Plaintiff's Motion [Docket No. 47] at 3. Under Mississippi law, "[a]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual benefit or advantage." *Doe v. Jameson Inn, Inc.*, 56 So. 3d 549 (Miss. 2011).

But in sharp contrast to Dogwood, none of the parties to which Dogwood seeks to apportion fault – the parking lot's project engineer, general contractor, and paving subcontractor – owns, occupies, or oversees the parking lot. *See Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986) (Prather, J.) (recounting standard of care owed to invitees). It is hornbook law "[t]he duty owed by a defendant to a plaintiff depends upon their relation to one another." *Skelton ex rel. Roden v. Twin Cnty. Rural Elec. Ass'n*, 611 So. 2d 931, 936 (Miss. 1992) (Prather, J.). Where there is no relationship, there is no duty. And in the case at bar, the parking lot's project engineer, general contractor, and paving subcontractor enjoyed no relationship to Stogner.[1]

Therefore, Stogner could not have recovered from these entities for negligence, and

---

[1] This is not to say that the parking lot's project engineer, general contractor, and paving subcontractor could have escaped liability altogether for any otherwise legally actionable behavior on their parts. But only an entity enjoying relationships with those parties could institute such an action. And in the case of the parking lot in question, Dogwood did exactly that by suing the trio of actors. *See* Exhibit A to Motion *in Limine* (Complaint) [Docket No. 47-1]; Exhibit B to Motion *in Limine* (Amended Complaint) [Docket No. 47-2]; Exhibit C to Motion *in Limine* (Agreed Order of Dismissal) [Docket No. 47-3]. Likewise, from Stogner's point of view, the only permissible course was to file suit against potentially liable entities with whom she enjoyed a relationship. No evidence exists within the record to suggest that such a relationship existed between Stogner and the parties sued previously by Dogwood. Unlike Dogwood, Stogner did not have a contract with nor was she a third-party beneficiary to a contract with the project engineer, the general contractor and the paving subcontractor, the breach of which might have resulted in a tort.

pursuant to the Fifth Circuit's *Erie* guess in *Travelers v. Ernst & Young*, Dogwood cannot argue that they should be apportioned fault.

Stogner's Motion *in Limine* regarding evidence of apportionment of fault [Docket No. 47] is granted. Stogner's Supplemental Motion [Docket No. 48] regarding the same question is dismissed as moot, as is Dogwood's Motion to Strike [Docket No. 50].

SO ORDERED this Eleventh day of May 2011.

/s/ *Carlton W. Reeves*

Hon. Carlton W. Reeves
United States District Court Judge